**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JULIE GORDON KITZIGER**                    **CIVIL ACTION**

**VERSUS**                                            **CASE NO. 20-386**

**GULFSTREAM SERVICES, INC.**            **SECTION: "G"(4)**

## ORDER AND REASONS

Pending before the Court are Defendant Gulfstream Services, Inc.'s ("Gulfstream") "Motion to Dismiss Plaintiff's First Amended, Restated and Superseding Complaint"[1] and "Motion to Stay Pending Decision on Motion to Dismiss Plaintiff's First Amended, Restated and Superseding Complaint."[2]  In this litigation, Plaintiff Julie Gordon Kitziger ("Plaintiff") alleges that her former employer, Gulfstream, subjected her to discrimination on the basis of her age and gender.[3] In the motion to dismiss, Gulfstream argues that Plaintiff's claims should be dismissed because they are time-barred.[4] Considering Gulfstream's motions, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion to dismiss and denies the motion to stay as moot.

## I. Background

On February 4, 2020, Plaintiff filed a pro se complaint against Gulfstream in this Court.[5] Thereafter, Plaintiff retained counsel and filed a First Amended, Restated, and Superseding

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 18.

[3] Rec. Doc. 1.

[4] Rec. Doc. 17.

[5] Rec. Doc. 1.

1

Complaint.[6] Plaintiff brings claims against Gulfstream under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*[7] Plaintiff alleges that she worked for Gulfstream as a salesperson from 2003 until she was terminated on September 28, 2015.[8] During Plaintiff's employment, Mike Mire ("Mire") was the majority owner and president of Gulfstream.[9]

Plaintiff alleges that beginning in 2013 she was unlawfully discriminated against and harassed based on her age and gender by Gulfstream's management.[10] For example, Plaintiff alleges that, based on her gender, her successful sales accounts were taken from her and given to less qualified men and that she was paid less than her male counterparts, despite having more experience.[11] Plaintiff alleges that Gulfstream's management retaliated against her for complaining about the harassment, eventually leading to her termination on September 28, 2015.[12]

Prior to the instant lawsuit in this Court, Plaintiff filed a petition against Mire in 24th Judicial District Court for the Parish of Jefferson, Louisiana on September 26, 2016.[13] In the state court litigation, Plaintiff brought claims against Mire "for negligent representation, detrimental reliance, and enrichment without cause for [allegedly] inducing [Plaintiff] into the partnership or joint venture, reaping the benefit of [Plaintiff's] skills, book of business, and cash (in the form of

---

[6] Rec. Docs. 10, 12.

[7] Rec. Doc. 12 at 2.

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.* at 12.

[11] *Id.* at 25.

[12] *Id* at 15–17.

[13] *Id* at 3.

diminished compensation payments), then breaching their agreement."[14] Plaintiff contends that she originally sued Mire in his personal capacity in state court because Mire purposefully mislead Plaintiff into believing that she was his partner in their efforts to grow and sell Gulfstream.[15] Accordingly, Plaintiff alleges in the instant litigation that she reasonably believed when she filed the state court action that, as Mire's partner, her legal recourse was against Mire, personally, rather than against Gulfstream as her employer under Title VII and the ADEA.[16]

In the state court litigation, Mire filed peremptory exceptions of no cause of action, which were denied by the state trial court.[17] However, on September 24, 2019, the Louisiana Fifth Circuit Court of Appeal reversed the state trial court's decision, holding that Plaintiff's causes of action arose in the context of her employment relationship with Gulfstream.[18] Plaintiff alleges that the Louisiana Fifth Circuit's decision was the first time that she was put on notice that her cause of action against Mire was in reality against him as president and CEO of Gulfstream, not in an individual capacity.[19] On January 28, 2020, the Louisiana Supreme Court denied Plaintiff's related writ application.[20]

In the interim, Plaintiff filed a Charge of Discrimination against Gulfstream with the EEOC on November 8, 2019.[21] The EEOC issued a notice of right to sue on November 28, 2020.[22] Less

---

[14] *Id* at 5.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 6.

[18] *Id.* (citing *Kitziger v. Mire*, 19-87 at 5–9 (La. App. 5 Cir. 9/24/19); 280 So. 3d 302, 305–08).

[19] *Id.* at 7.

[20] *Id.*

[21] *Id.*

[22] *Id.*

than 90 days later, Plaintiff filed the original pro se complaint in this Court.[23]

On June 30, 2020, Gulfstream filed the instant motion to dismiss.[24] Gulfstream also filed the motion to stay pending ruling on the motion to dismiss.[25] On July 21, 2020, Plaintiff filed oppositions to both motions.[26] On August 6, 2020, Gulfstream, with leave of Court, filed reply briefs in further support of both motions.[27]

## II. Parties' Arguments

### A.   Gulfstream's Arguments in Support of the Motion to Dismiss

In the instant motion, Gulfstream argues that all of Plaintiff's claims should be dismissed as time-barred.[28] First, Gulfstream argues that Plaintiff did not file the EEOC charge within the 300-day limitation period applicable to her claims.[29] Gulfstream asserts that the latest alleged date of discrimination was in September 2015, when Gulfstream terminated her employment.[30] Because Plaintiff waited until November 8, 2019 to file the EEOC charge, Gulfstream argues that Plaintiff's claims are clearly untimely.[31]

Second, Gulfstream contends that equitable relief is inappropriate in this case because Plaintiff cannot show that she was unaware of the facts of discrimination prior to the expiration of

---

[23] *Id.*

[24] Rec. Doc. 17.

[25] Rec. Doc. 18.

[26] Rec. Docs. 26, 27.

[27] Rec. Docs. 31, 33.

[28] Rec. Doc. 17-1 at 1.

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.*

the filing period.[32] Gulfstream asserts that equitable estoppel does not apply because Mire did not conceal facts of Plaintiff's discrimination.[33] According to Gulfstream, Plaintiff contends that equitable tolling or equitable estoppel should apply because "she reasonably believed that she was Mike Mire's partner" and thus decided she must "endure the harassment."[34] Even accepting these allegations as true, Gulfstream asserts that Plaintiff has failed to show that her belief that she was a "partner" was reasonable and has failed to show that this alleged misrepresentation concealed the facts of discrimination.[35] Additionally, Gulfstream argues that equitable tolling does not apply because the alleged lack of notice of the employment discrimination claims was due to attorney error.[36]

Finally, Gulfstream alternatively argues that Plaintiff should have filed the EEOC charge within 300 days of September 26, 2016, when she had retained counsel to pursue her claims against Mire.[37] Because Plaintiff had retained counsel at that time, Gulfstream asserts that she is presumed to have actual or constructive knowledge of the statutory and administrative requirements for her claims.[38]

## B.   *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff asserts that the question of whether a party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings and is often best

---

[32] *Id.*

[33] *Id.* at 8.

[34] *Id.* at 10 (citing Rec. Doc. 12 at 15).

[35] *Id.*

[36] *Id.* at 11.

[37] *Id.* at 14. The memorandum in support incorrectly references September 26, 2019. *Id.*

[38] *Id.* at 15.

addressed on a motion for summary judgment or at trial.[39] Despite Gulfstream's suggestions to the contrary, Plaintiff asserts that Gulfstream disputes the essential allegations in the Amended Complaint and makes merit-based arguments suggesting that Plaintiff cannot claim tolling or estoppel because she did not diligently protect her rights.[40] Because the basic question of "whether a litigant diligently pursued her rights is a question of fact," Plaintiff asserts that the motion to dismiss should be denied.[41]

Alternatively, accepting the well-pleaded allegations in the Amended Complaint as true, Plaintiff contends that she is entitled to equitable estoppel or tolling for three reasons: (1) Plaintiff was "induced or tricked by [her] adversary's misconduct into allowing the [filing] deadline to pass;"[42] (2) Plaintiff filed her EEOC charge during the "pendency of a suit between the same parties in the wrong forum;"[43] and (3) Plaintiff "exercised due diligence in pursuing her rights."[44]

First, Plaintiff asserts that Mire purposefully used an apparent partnership agreement between the parties to silence Plaintiff's complaints.[45] Plaintiff contends that Mire tricked her into believing she was Mire's partner in their venture to sell Gulfstream, and Mire repeatedly implied that if Plaintiff complained it would threaten the success of the sale.[46] Plaintiff asserts that Mire purposefully put her in an impossible position: to fulfil her duty of loyalty to their partnership, she

---

[39] Rec. Doc. 26 at 1, 14.

[40] *Id*. at 9.

[41] *Id*. (quoting *Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018)).

[42] *Id.* at 10 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

[43] *Id.* (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)).

[44] *Id*. (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712–13 (5th Cir. 2011)).

[45] *Id*. at 15.

[46] *Id*. at 17.

could not complain.[47] Plaintiff alleges that Mire took these actions specifically to prevent her from filing any administrative or legal claim against Gulfstream while he was trying to sell the company.[48]

Second, Plaintiff argues that she is entitled to tolling because she filed the EEOC charge while her state court litigation against Mire was pending.[49] Plaintiff asserts that she filed the EEOC charge less than two months after the adverse ruling by the Louisiana Fifth Circuit Court of Appeal.[50] Plaintiff contends that Gulfstream cannot argue prejudice because Mire's knowledge as president and CEO are imputed to Gulfstream.[51] Plaintiff acknowledges that she did not assert a Title VII, ADEA, or Louisiana employment discrimination claim against Mire, but she asserts that she did allege that she suffered workplace harassment and bullying at Gulfstream.[52] Plaintiff asserts that she filed the state court lawsuit against Mire because she believed her termination and mistreatment were related to Mire's attempts to push her out of the joint venture to sell Gulfstream, not necessarily in the context of an employment discrimination cause of action.[53] Plaintiff contends that she believed these things specifically because of Mire's misrepresentations to her.[54]

Third, Plaintiff asserts that she exercised due diligence in pursuing her rights.[55] Plaintiff concedes that her prior attorney made a fundamental error not pursuing the EEOC charge while

---

[47] *Id.*

[48] *Id.*

[49] *Id.* at 18.

[50] *Id.*

[51] *Id.* at 18–19.

[52] *Id.* at 19.

[53] *Id.*

[54] *Id.*

[55] *Id.*

simultaneously pursuing the state court lawsuit.[56] When the Louisiana Fifth Circuit definitely put Plaintiff on notice that her claims really arose from her employment relationship with Gulfstream, Plaintiff asserts that she immediately filed an EEOC charge.[57] Accordingly, Plaintiff contends that she is entitled to equitable tolling.[58]

## C.    *Gulfstream's Arguments in Further Support of the Motion*

In reply, Gulfstream argues that the equitable doctrines do not apply to Plaintiff's claims as a matter of law.[59] Gulfstream notes that Plaintiff clearly was aware of the facts necessary to support a claim for discrimination prior to the accrual of the limitations period.[60] Assuming Plaintiff's allegations that Mire made misrepresentations to Plaintiff prior to the sale of Gulfstream in 2014 are true, Gulfstream notes that Plaintiff had nearly two more years after the sale before the deadline for filing an EEOC charge expired in September 2016.[61] Similarly, even assuming Plaintiff did believe she and Mire were partners in a joint venture, Gulfstream asserts that notion must have been dispelled when she was terminated from employment in 2015.[62] Gulfstream contends that the delay was clearly the result of attorney error, and therefore, even accepting Plaintiff's allegations as true, the equitable doctrines do not apply as a matter of law.[63]

Second, Gulfstream asserts that this suit was not instituted during the pendency of a suit between the same parties in the wrong forum because the claims and parties in the state court

---

[56] *Id*. at 20–21.

[57] *Id*. at 22.

[58] *Id*.

[59] Rec. Doc. 31 at 3.

[60] *Id*. at 4–5.

[61] *Id*. at 5.

[62] *Id*.

[63] *Id*. at 4, 6.

litigation differ from the instant suit.[64] Gulfstream notes that Plaintiff did not assert discrimination of any kind in the state court litigation.[65] Therefore, Gulfstream argues that the "wrong forum" doctrine does not apply as a matter of law.[66]

Third, Gulfstream contends Plaintiff cannot point to the state court litigation to show that she diligently pursued her discrimination claims against Gulfstream because she did not assert a discrimination claim in the state court litigation.[67] To the contrary, Gulfstream notes that Plaintiff chose to forego a discrimination claim in favor of asserting claims against Mire in his personal capacity.[68] Gulfstream argues that is not within the spirit of the equitable doctrines or the applicable case law to permit Plaintiff to assert entirely different claims years after her deadline expired merely because her first theory of recovery failed.[69]

Finally, Gulfstream argues that it would suffer prejudice if the Court allowed Plaintiff's case to proceed despite her substantial delay in filing the EEOC charge.[70] Gulfstream asserts that Plaintiff insisted throughout the state court litigation that her claims were not related to her employment and were not asserted against Gulfstream.[71] Because Plaintiff's claims in the instant suit differ from those in the state court litigation, Gulfstream contends that the evidence and witnesses at issue in the instant suit will differ.[72] Given the passage of several years, Gulfstream

---

[64] *Id.* at 6.

[65] *Id.* at 7.

[66] *Id.* at 8.

[67] *Id.*

[68] *Id.*

[69] *Id.* at 9.

[70] *Id.*

[71] *Id.* at 10.

[72] *Id.*

argues that relevant evidence may no longer be available, which would severely prejudice the defense.[73]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[74] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[75] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[76]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[77] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[78] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[79]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[80] "[L]egal conclusions can provide the framework of a complaint, [but] they

---

[73] *Id.*

[74] Fed. R. Civ. P. 12(b)(6).

[75] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[76] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[77] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[78] *Id.*

[79] *Id.*

[80] *Iqbal*, 556 U.S. at 677–78.

must be supported by factual allegations."[81] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[82] If the factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed."[83]

## IV. Analysis

In the instant motion, Gulfstream argues that all of Plaintiff's claims should be dismissed as time-barred.[84] As an initial matter, Plaintiff asserts that the motion to dismiss should be denied because this issue is best addressed in the context of a motion for summary judgment.[85] Specifically, because the basic question of "whether a litigant diligently pursued her rights is a question of fact," Plaintiff asserts that the motion to dismiss should be denied.[86] The issue of whether a plaintiff is entitled to tolling or estoppel is an "equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance."[87] However, the Fifth Circuit has affirmed numerous district court orders granting a Rule 12(b)(6) motion to dismiss based on timeliness even where equitable tolling was raised.[88] Accordingly, the Court proceeds to the merits of Gulfstream's motion.

---

[81] *Id.* at 679.

[82] *Id.* at 678.

[83] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[84] Rec. Doc. 17-1 at 1.

[85] Rec. Doc. 26 at 11.

[86] *Id.* (quoting *Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018)).

[87] *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (internal citations and quotation marks omitted).

[88] *Saldana-Fountain v. United States*, 693 F. App'x 295 (5th Cir. 2017); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237 (5th Cir. 2010); *Teemac v. Henderson*, 298 F.3d 452, 458 (5th Cir. 2002).

The Fifth Circuit "has long required plaintiffs to exhaust their administrative remedies before bringing suit" in federal court under Title VII and the ADEA.[89] In order to file suit under Title VII or the ADEA in federal court, a plaintiff must first file a charge with the EEOC within 300 days of the alleged discriminatory act.[90] Once the EEOC issues a right-to-sue letter to the party who has filed the EEOC charge, that party has 90 days to file an action in federal court.[91]

Plaintiff concedes that she did not timely file an EEOC charge within 300 days of her termination on September 28, 2015.[92] In fact, Plaintiff did not file the EEOC charge until November 8, 2019, over four years later.[93] Nevertheless, Plaintiff contends that the case should not be dismissed because she has alleged facts supporting equitable tolling or equitable estoppel.[94]

"The timely filing of a complaint with the EEOC is not a jurisdictional requirement; the limitation statute is subject to estoppel and equitable tolling."[95] "A defendant is equitably estopped from asserting that a claim is time-barred where its conduct induced a plaintiff to refrain from exercising its rights. 'Equitable tolling focuses on the plaintiff's excusable ignorance of the

---

[89] *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006) (Title VII). *See also Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. 2012) (ADEA).

[90] *Price*, 459 F.3d at 598 (citing 42 U.S.C. § 2000e, *et seq.*); *Walton-Lentz*, 476 F. App'x at 570 (citing 29 U.S.C. § 626(d)(1)(B)).

[91] *Price*, 459 F.3d at 598 (citing 42 U.S.C. § 2000e, *et seq.*).

[92] Rec. Doc. 26 at 10.

[93] Rec. Doc. 12 at 7.

[94] *Id.*

[95] *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992) (citing *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

employer's discriminatory act.'"[96] However, these equitable doctrines "are to be applied sparingly."[97] The plaintiff bears the burden of demonstrating entitlement to tolling or estoppel.[98]

The Fifth Circuit has articulated three potential bases for equitable tolling in employment discrimination cases: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights."[99] However, this list is not exhaustive, and the Fifth Circuit has opined that there may be other bases that warrant equitable tolling.[100]

Accepting the facts alleged in the Amended Complaint as true, the first basis is not applicable here. The Fifth Circuit has made clear that the first basis applies "during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law."[101] Equitable tolling applies where "the initial state court action was filed against the same parties served in the federal suit and alleged an identical cause of action."[102] Here, the state court action was against a different party and alleged different causes of action.[103] Plaintiff did not bring an employment discrimination claim against Mire in the state

---

[96] *Id.* (quoting *Amburgey v. Cohart Refractories Corp.*, 936 F.2d 805, 810 n. 14 (5th Cir. 1991)).

[97] *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101,113 (2002).

[98] *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (internal citations omitted).

[99] *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). *See also Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Blumberg v. HCA Mgmt. Co*., 848 F.2d 642, 644 (5th Cir. 1988)).

[100] *Melgar.*, 931 F.3d at 381 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)).

[101] *Chappell v. Emco Mach. Works Co*., 601 F.2d 1295, 1302 (5th Cir. 1979).

[102] *Id.* (citing *International Union of Electrical Workers v. Robbins & Myers*, 429 U.S. 229, 238 (1976)).

[103] Rec. Doc. 12 at 3.

court action.[104] In fact, Plaintiff specified that she was bringing state claims against Mire in his personal capacity.[105]

The third basis is also inapplicable to the facts of this case. Plaintiff does not allege that the EEOC mislead Plaintiff about her rights. Accordingly, the Court's inquiry focuses on the second basis for equitable tolling—Plaintiff's alleged lack of awareness of the facts supporting her claim due to Gulfstream's intentional concealment. This basis is for equitable tolling mirrors equitable estoppel.[106]

In *Manning v. Chevron Chemical Co., LLC*, the plaintiff argued, *inter alia*, that equitable tolling was proper because his employer allegedly concealed facts supporting his ADA claim.[107] Specifically, the plaintiff argued that he was unaware that his alleged disability (his stuttering) might have affected certain hiring decisions until the company released the notes from the plaintiff's interview for the positions, which included negative comments about the plaintiff's speech and communication skills.[108] The Fifth Circuit reasoned that equitable relief is appropriate "when the employer's affirmative acts mislead the employee and induce him not to act within the limitations period."[109] The Fifth Circuit determined that the plaintiff had not demonstrated entitlement to equitable relief because he did not allege that his employer "took any action that might have induced him not to file a charge of discrimination."[110]

---

[104] *Id.* at 5.

[105] *Id.* at 5, 19.

[106] *See Tyler*, 304 F.3d at 391.

[107] *Manning*, 332 F.3d at 880.

[108] *Id.*

[109] *Id.* (citing *Ramirez*, 312 F.3d at 184; *Tyler*, 304 F.3d at 391).

[110] *Id.*

In *Ramirez v. City of San Antonio*, the plaintiff argued that equitable tolling was warranted because his employer "led him to believe" that it would place him in another comparable position.[111] The Fifth Circuit instructed that courts should not apply the doctrine of equitable tolling based solely on the plaintiff's subjective impressions, but instead must examine "whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the limitations period."[112] Because the plaintiff pointed to no affirmative statement made by his employer that his transfer was temporary the Fifth Circuit concluded that the district court did not err in refusing to apply equitable estoppel to the facts of that case.[113]

Conversely, in *Tyler v. Union Oil Co. of California*, the Fifth Circuit held that equitable estoppel was proper because the employer had induced the plaintiffs from timely filing their claims.[114] There, the employer required its employees to sign release forms that later turned out to be invalid.[115] At trial, the plaintiffs testified that they believed they had signed away all potential claims and rights under the ADEA.[116] The Fifth Circuit concluded that the evidence supported a finding that the employer should have "unmistakably [] understood," that the releases would mislead the plaintiffs.[117]

In *Rhodes v. Guiberson Oil Tools Division*, the Fifth Circuit held that equitable estoppel should apply to the facts of the case.[118] The court found that the facts presented at trial clearly

---

[111] *Ramirez*, 312 F.3d at 183.

[112] *Id.* at 184 (quoting *Tyler*, 304 F.3d at 391).

[113] *Id.*

[114] *Tyler*, 304 F.3d at 391.

[115] *Id.*

[116] *Id.*

[117] *Id.*

[118] 927 F.2d 876, 880–81 (5th Cir. 1991)

15

demonstrated that the defendant concealed facts and misled the plaintiff.[119] Specifically, statements on the plaintiff's severance form indicating that he may be reinstated and that the position was eliminated due to a reduction in work force were revealed to be false.[120] Instead, the evidence showed that the employer hired an employee not within the protected age group at a lower salary.[121]

In *Clark v. Resistoflex Co.*, the Fifth Circuit reversed a district court order granting summary judgment in favor of the employer on an age discrimination claim.[122] The Fifth Circuit determined that there was a genuine issue of material fact in dispute as to whether a letter from the employer, which conditioned severance benefits upon the employee's agreement not to undertake any action derogatory to employer, deterred the employee from filing an EEOC charge.[123] The Fifth Circuit emphasized that "[a] reasonable trier of fact could [] conclude that [the employer], by design or with a clear understanding of the consequences, worded the severance agreement in such a way as to deter [the employee] from asserting his ADEA rights."[124]

In *Coke v. General Adjustment Bureau, Inc.*, the Fifth Circuit ruled en banc that the district court erred in granting summary judgment in favor of the defendant on the ground that the plaintiff's EEOC charge was untimely.[125] Drawing reasonable inferences from affidavits in favor of the plaintiff, the Fifth Circuit noted that the defendant misrepresented its intention to reinstate

---

[119] *Id.*

[120] *Id.* at 881.

[121] *Id.*

[122] 854 F.2d 762, 769 (5th Cir. 1988).

[123] *Id.*

[124] *Id.*

[125] 640 F.2d 584, 595 (5th Cir. 1981).

the plaintiff to one of the defendant's customers (who wanted plaintiff reinstated), the defendant knew or should have known that the customer would convey this misrepresentation to the plaintiff, and the plaintiff reasonably relied on the misrepresentation in not filing his ADEA claim in a timely fashion.[126] The Fifth Circuit concluded that those facts, if proved, would suffice to demonstrate entitlement to equitable estoppel.[127]

In the instant case, Plaintiff alleges that Mire offered her a partnership to grow Gulfstream, sell it, and share in the profits.[128] Plaintiff alleges that Mire used the alleged partnership to force Plaintiff to remain silent about the discrimination she began to experience in the workplace in 2013.[129] Specifically, Plaintiff alleges that Mire's statements caused her to believe that she "had no real remedy against the workplace misconduct she was experiencing, but that in any event Mr. Mire would eventually sell the company, share his profits with [Plaintiff], and then she could retire."[130] Plaintiff also alleges that Mire indicated it would hamper his efforts to sell the company if Plaintiff publicly complained about management.[131] Because of these misrepresentations, Plaintiff allegedly believed that her cause of action was against Mire in his personal capacity as her partner and not against Gulfstream as her employer.[132] Additionally, Plaintiff alleges that "Mire specifically took this position to induce [Plaintiff] into believing that she had no cause of action against Gulfstream as her employer so that Mire could avoid any administrative or litigation claims

---

[126] *Id.*

[127] *Id.*

[128] Rec. Doc. 12 at 11.

[129] *Id.* at 12, 14.

[130] *Id.* at 14.

[131] *Id.*

[132] *Id.* at 15.

while attempting to sell Gulfstream."[133] Plaintiff alleges that a private equity firm purchased Gulfstream in late 2014,[134] and Plaintiff's employment was terminated on September 28, 2015.[135]

Based on Mire's repeated promises, Plaintiff alleges that she "reasonably believed that Mire's misconduct towards her, specifically including stripping [Plaintiff] of her clients and attendant sales-based income, failing to protect her from an unlawful, hostile work environment created by Gulfstream management; and ultimately terminating [Plaintiff's] employment with Gulfstream on September 28, 2015, was done by Mire against [Plaintiff] in his capacity as [her] partner, and not by Gulfstream as [her] employe[r]."[136] Plaintiff alleges that "Mire specifically intended to dupe [Plaintiff] in this regard, misleading and encouraging [Plaintiff] to believe that she was his partner specifically to avoid Gulfstream incurring any administrative or litigation liability as [Plaintiff's] employer under Title VII and the ADEA, all so that Mr. Mire could more easily sell Gulfstream to reap the financial windfall for himself."[137] Plaintiff alleges that she diligently pursued her claims against Mire in state court for four years because she "so strongly believed that Mr. Mire had engaged in these unlawful employment actions" as Plaintiff's partner.[138] After receiving a negative ruling from the Louisiana Fifth Circuit Court of Appeal "on the predicate issue of whether her causes of action sounded in tort or contract versus her

---

[133] *Id.*

[134] *Id.* at 10.

[135] *Id.* at 16.

[136] *Id.* at 19.

[137] *Id.*

[138] *Id.* at 19, 22.

employment status, [Plaintiff asserts that] she did not rest on her case but immediately filed a Charge of Discrimination with the EEOC."[139]

Accepting these allegations as true, as the Court must on a Rule 12(b)(6) motion to dismiss, Plaintiff has alleged facts to show: (1) Mire offered her a partnership to grow Gulfstream, sell it, and share in the profits; (2) Mire specifically used the "partnership" to force Plaintiff to remain silent about the alleged discrimination; (3) because of these misrepresentations Plaintiff believed that her cause of action was against Mire in his personal capacity as her partner; and (4) Plaintiff diligently pressed her claims against Mire in state court. Defendants argue that Plaintiff could have pursued an EEOC charge against Gulfstream while simultaneously pursuing her state law claims against Mire. However, Plaintiff alleges that she was not aware that her firing was the result of discrimination. Instead, Plaintiff alleges that she believed Mire had breached an implicit partnership agreement with Plaintiff. Defendants argue that this claim is not credible because Mire sold the company in late 2014, and Plaintiff was not terminated until September 28, 2015. However, resolution of this issue would require the Court to make a credibility determination as to whether it was reasonable for Plaintiff to believe that she was in a partnership with Mire. The Court cannot resolve credibility issues on a Rule 12(B)(6) motion to dismiss.[140] Therefore, this issue must be addressed at a later stage of this litigation.

---

[139] *Id.* at 22.

[140] *See Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019); *Brewer v. Wilkinson*, 68 F.3d 470 (5th Cir. 1995) ("The district court's dismissal pursuant to Rule 12 (b)(6) following the Spears hearing could not have been based on a credibility determination in favor of the defendants.").

## V. Conclusion

For the reasons discussed above and viewing the allegations most favorably to Plaintiff, Plaintiff has alleged rare and extraordinary circumstances that could justify a finding of equitable estoppel or equitable tolling. The Court cannot weigh the credibility of Plaintiff's claims on a Rule 12(b)(6) motion to dismiss. Additionally, the Fifth Circuit instructs district courts to avoid mechanical application of the equitable tolling rules as the issue presents an "equitably, often fact-intensive inquiry."[141] Therefore, this issue must be addressed at a later stage of these proceedings. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gulfstream Services, Inc.'s "Motion to Dismiss Plaintiff's First Amended, Restated and Superseding Complaint"[142] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's "Motion to Stay Pending Decision on Motion to Dismiss Plaintiff's First Amended, Restated and Superseding Complaint"[143] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this _____17th_____ day of February, 2021.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[141] *Palacios*, 723 F.3d at 605 (internal citations and quotation marks omitted).

[142] Rec. Doc. 17.

[143] Rec. Doc. 18.