UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIE GORDON KITZIGER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-386** |
| **GULFSTREAM SERVICES, INC.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Pending before the Court is Defendant Gulfstream Services, Inc.'s ("Gulfstream") "Motion for Reconsideration Under Fed. R. Civ. P. 54(B) or Alternatively, Motion for Certification Under 28 U.S.C. § 1292(b), and for Stay Pending Interlocutory Appeal."[1] In this litigation, Plaintiff Julie Gordon Kitziger ("Plaintiff") alleges that her former employer, Gulfstream, subjected her to discrimination on the basis of her age and gender.[2] In the instant motion, Gulfstream seeks reconsideration of this Court's February 17, 2021 Order denying Gulfstream's Motion to Dismiss or alternatively, seeks an immediate interlocutory appeal of that order.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On February 4, 2020, Plaintiff filed a pro se complaint against Gulfstream in this Court.[4] Thereafter, Plaintiff retained counsel and filed a First Amended, Restated, and Superseding

---

[1] Rec. Doc. 53.

[2] Rec. Doc. 1.

[3] Rec. Doc. 53.

[4] Rec. Doc. 1.

1

Complaint.[5] Plaintiff brings claims against Gulfstream under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.[6] Plaintiff alleges that she worked for Gulfstream as a salesperson from 2003 until she was terminated on September 28, 2015.[7] During Plaintiff's employment, Mike Mire ("Mire") was the majority owner and president of Gulfstream.[8]

Plaintiff alleges that beginning in 2013 she was unlawfully discriminated against and harassed based on her age and gender by Gulfstream's management.[9] For example, Plaintiff alleges that, based on her gender, her successful sales accounts were taken from her and given to less qualified men and that she was paid less than her male counterparts, despite having more experience.[10] Plaintiff alleges that Gulfstream's management retaliated against her for complaining about the harassment, eventually leading to her termination on September 28, 2015.[11]

Prior to the instant lawsuit in this Court, Plaintiff filed a petition against Mire in 24th Judicial District Court for the Parish of Jefferson, Louisiana on September 26, 2016.[12] In the state court litigation, Plaintiff brought claims against Mire "for negligent representation, detrimental reliance, and enrichment without cause for [allegedly] inducing [Plaintiff] into the partnership or joint venture, reaping the benefit of [Plaintiff's] skills, book of business, and cash (in the form of

---

[5] Rec. Docs. 10, 12.

[6] Rec. Doc. 12 at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 12.

[10] *Id.* at 25.

[11] *Id* at 15–17.

[12] *Id* at 3.

diminished compensation payments), then breaching their agreement."[13] Plaintiff contends that she originally sued Mire in his personal capacity in state court because Mire purposefully mislead Plaintiff into believing that she was his partner in their efforts to grow and sell Gulfstream.[14] Accordingly, Plaintiff alleges in the instant litigation that she reasonably believed when she filed the state court action that, as Mire's partner, her legal recourse was against Mire, personally, rather than against Gulfstream as her employer under Title VII and the ADEA.[15]

In the state court litigation, Mire filed peremptory exceptions of no cause of action, which were denied by the state trial court.[16] However, on September 24, 2019, the Louisiana Fifth Circuit Court of Appeal reversed the state trial court's decision, holding that Plaintiff's causes of action arose in the context of her employment relationship with Gulfstream.[17] Plaintiff alleges that the Louisiana Fifth Circuit's decision was the first time that she was put on notice that her cause of action against Mire was in reality against him as president and CEO of Gulfstream, not in an individual capacity.[18] On January 28, 2020, the Louisiana Supreme Court denied Plaintiff's related writ application.[19]

In the interim, Plaintiff filed a Charge of Discrimination against Gulfstream with the EEOC on November 8, 2019.[20] The EEOC issued a notice of right to sue on November 28, 2020.[21] Less

---

[13] *Id* at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6.

[17] *Id.* (citing *Kitziger v. Mire*, 19-87 at 5–9 (La. App. 5 Cir. 9/24/19); 280 So. 3d 302, 305–08).

[18] *Id.* at 7.

[19] *Id.*

[20] *Id.*

[21] *Id.*

than 90 days later, Plaintiff filed the original pro se complaint in this Court.[22]

On June 30, 2020, Gulfstream filed a motion to dismiss, in which Gulfstream argued that Plaintiff's claims should be dismissed as time barred.[23] On February 17, 2021, the Court denied the motion to dismiss.[24] In that order, the Court found that Plaintiff had alleged rare and extraordinary circumstances that could justify a finding of equitable estoppel or equitable tolling.[25] The Court noted that Plaintiff alleged facts to show: (1) Mire offered her a partnership to grow Gulfstream, sell it, and share in the profits; (2) Mire specifically used the "partnership" to force Plaintiff to remain silent about the alleged discrimination; (3) because of these misrepresentations Plaintiff believed that her cause of action was against Mire in his personal capacity as her partner; and (4) Plaintiff diligently pressed her claims against Mire in state court.[26]

In the motion to dismiss, Gulfstream argued that Plaintiff could have pursued an EEOC charge against Gulfstream while simultaneously pursuing her state law claims against Mire.[27] However, Plaintiff alleged that she was not aware that her firing was the result of discrimination.[28] Instead, Plaintiff alleged that she believed Mire had breached an implicit partnership agreement with Plaintiff.[29] Gulfstream argued that this claim is not credible because Mire sold the company in late 2014, and Plaintiff was not terminated until September 28, 2015.[30] Since resolution of this

---

[22] *Id.*

[23] Rec. Doc. 17.

[24] Rec. Doc. 45.

[25] *Id.* at 20.

[26] *Id.* at 19.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

issue would require the Court to make a credibility determination as to whether it was reasonable for Plaintiff to believe that she was in a partnership with Mire and the Court cannot resolve credibility issues on a Rule 12(b)(6) motion to dismiss, the Court concluded that the equitable tolling issue could not be resolved on a motion to dismiss and must instead be addressed at a later stage of this litigation.[31]

On May 5, 2021, Gulfstream filed the instant motion for reconsideration of the February 17, 2021 Order or alternatively, for certification of the Order for interlocutory appeal.[32] On June 8, 2021, Plaintiff filed an opposition.[33] On June 17, 2021, with leave of Court, Gulfstream filed a reply in further support of the instant motion.[34]

## II. Parties' Arguments

### A.    *Gulfstream's Arguments in Support of the Motion*

In the instant motion, Gulfstream moves this Court to reconsider its finding that Plaintiff stated a claim for equitable tolling or equitable estoppel.[35] Gulfstream argues that Plaintiff did not file a charge with the EEOC within the 300-day limitation period as required, and contends that none of the three bases for equitable tolling is applicable in this case.[36] Most notably, Gulfstream argues that Plaintiff has not stated a claim for intentional concealment by Mire, and that making such a finding would not require this Court to engage in a credibility determination.[37] Gulfstream

---

[31] *Id.*

[32] Rec. Doc. 53.

[33] Rec. Doc. 57.

[34] Rec. Doc. 60.

[35] Rec. Doc. 53-1 at 6.

[36] *Id.* at 7.

[37] *Id.* at 8.

5

contends that Plaintiff knew she was employed by Gulfstream, separate from any belief that she was in a partnership with Mire, and knew any facts necessary to support a discrimination claim against Gulfstream prior to bringing suit against Mire in state court.[38]

Gulfstream further argues that attorney error does not warrant a finding of equitable estoppel.[39] Gulfstream highlights that Plaintiff was represented by counsel when she first filed suit against Mire in state court, and was represented for the three years thereafter.[40] Gulfstream argues that Plaintiff, and her counsel, pursued claims against Mire and in doing so, "intentionally declined to take any step to pursue employment discrimination claims against Gulfstream, because such claims undermined claims against Mire in his personal capacity."[41] Gulfstream contends that "[i]t is simply not within the spirit of the equitable doctrines or the applicable Fifth Circuit case law" to permit Plaintiff to now pursue claims against Gulfstream after her claims against Mire failed.[42]

In the event this Court does not grant Gulfstream's request for reconsideration, Gulfstream moves the Court to certify its February 17, 2021 Order for interlocutory appeal.[43] Gulfstream argues that (i) the Order involves a controlling question of law as reversal of the Order would terminate this lawsuit, (ii) there is substantial ground for difference of opinion given that this Court's Order "is contrary to all decisions that have addressed the issue," and (iii) an immediate appeal, if successful, may materially advance the ultimate termination of this litigation.[44] If

---

[38] *Id.* at 8–11.

[39] *Id.* at 11.

[40] *Id.*

[41] *Id.* at 12–15.

[42] *Id.* at 15–16.

[43] *Id.* at 16.

[44] *Id.* at 16–21.

granted, Gulfstream moves for a stay of this case pending an interlocutory appeal.[45]

### B. Plaintiff's Arguments in Opposition to the Motion

In opposition, Plaintiff contends that reconsideration is not warranted under either Federal Rule of Civil Procedure 54(b) or 59(e).[46] Plaintiff argues that the instant motion is "a re-hash of its prior argument to dismiss which the Court already (and correctly) rejected, and [Gulfstream] has put nothing new on the table pertinent to reconsideration."[47] Plaintiff contends that "the issue of whether or not [Plaintiff] was actually deceived or leveraged into not timely filing her charge of discrimination is the ultimate issue under consideration that this Court correctly held required further factual and credibility development to resolve."[48] Plaintiff further contends that certification for an interlocutory appeal is inappropriate because the controlling question in this case, whether Plaintiff is entitled to equitable tolling, is a question of fact, not law.[49]

### C. Gulfstream's Arguments in Further Support of the Motion

In reply, Gulfstream first argues that Federal Rule of Civil Procedure 54(b) is the correct standard for this Court to use in deciding the instant motion.[50] Gulfstream further argues that it is not "required to put anything new on the table" to justify reconsideration, but instead that this Court may reconsider its prior decision for any reason it deems sufficient.[51]

Additionally, Gulfstream argues that Plaintiff "grossly misstates Gulfstream's basis for

---

[45] *Id.* at 21.

[46] Rec. Doc. 57.

[47] *Id.* at 2.

[48] *Id.* at 7.

[49] *Id.* at 9–10.

[50] Rec. Doc. 60 at 3.

[51] *Id.*

7

seeking reconsideration under Rule 54(b)."[52] Gulfstream reasserts that this Court need not engage in a credibility analysis to determine that Plaintiff is not entitled to equitable tolling, but that Plaintiff "admitted all the salient facts necessary to support her discrimination claim against Gulfstream over a year before the tolling of her deadline to file a charge" and thus cannot now claim equitable tolling.[53] Gulfstream further argues that any error on the part of Plaintiff's attorney does not warrant equitable tolling or estoppel as attorney error "never constitutes an exceptional circumstance for tolling the filing period under Title VII."[54]

Finally, Gulfstream disputes Plaintiff's assertion that the February 17, 2021 Order turns on an issue of fact, not law.[55] Gulfstream argues that Plaintiff's "seeks equitable relief because she failed to exhaust her administrative remedies by waiting over four years after her termination from Gulfstream" to file a charge with the EEOC.[56] Gulfstream contends that exhaustion of administrative requirements is a question of law and thus, an interlocutory appeal is appropriate.[57]

### III. Legal Standards

#### A.   *Legal Standard for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[58] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[59] Federal Rule

---

[52] *Id.* at 4.

[53] *Id.* at 4–6.

[54] *Id.* at 6–7.

[55] *Id.* at 7.

[56] *Id.* at 7–8.

[57] *Id.* at 8.

[58] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[59] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at

of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. Federal Rule of Civil Procedure 54(b) allows for reconsideration of interlocutory orders.[60]

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[61] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[62] with relief being warranted only when the basis for relief is "clearly establish[ed]."[63] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[64]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal

---

*3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[60] While the parties disagree about whether it is appropriate to apply Rule 54(b) or Rule 59(e) in this instance, this distinction is irrelevant as the general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing, Inc*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, C.J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[61] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[62] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[63] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[64] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

theories, or arguments . . . .'"[65] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[66] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[67] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[68]

### B.     *Legal Standard for Certification of Interlocutory Appeal*

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[69] The moving party carries the burden of showing the necessity of interlocutory appeal.[70] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[71] An interlocutory appeal is "exceptional" and

---

[65] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[66] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[67] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[68] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[69] 28 U.S.C. § 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[70] *See Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (Vance, J.) (citing *Complaint of L.L.P.&D. Marine, Inc.*, No. CIV.A. 97-1668, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998) (Clement, J.)).

[71] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

"does not lie simply to determine the correctness of a judgment."[72] The decision of whether or not to grant such a request lies within the sound discretion of the trial court.[73]

## IV. Analysis

Gulfstream seeks reconsideration or an interlocutory appeal of the Court's February 17, 2021 Order denying Gulfstream's motion to dismiss. In that order, the Court found that Plaintiff had alleged rare and extraordinary circumstances that could justify a finding of equitable estoppel or equitable tolling.[74] The Court did not rule that Plaintiff is definitively entitled to equitable tolling or estoppel. Instead, the Court determined that this issue must be resolved at a later stage of these proceedings.

In the February 17, 2021 Order, the Court accepted Plaintiff's allegations as true, as the Court must when ruling on a Rule 12(b)(6) motion to dismiss.[75] The Court noted that Plaintiff alleged facts to show: (1) Mire offered her a partnership to grow Gulfstream, sell it, and share in the profits; (2) Mire specifically used the "partnership" to force Plaintiff to remain silent about the alleged discrimination; (3) because of these misrepresentations Plaintiff believed that her cause of action was against Mire in his personal capacity as her partner; and (4) Plaintiff diligently pressed her claims against Mire in state court.[76]

---

[72] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

[73] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[74] Rec. Doc. 45 at 20.

[75] *Id.* at 19. *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.")

[76] Rec. Doc. 45 at 19.

In the motion to dismiss, Gulfstream argued that Plaintiff could have pursued an EEOC charge against Gulfstream while simultaneously pursuing her state law claims against Mire.[77] However, Plaintiff alleged that she was not aware that her firing was the result of discrimination.[78] Instead, Plaintiff alleged that she believed Mire had breached an implicit partnership agreement with Plaintiff.[79] Gulfstream argued that this claim is not credible because Mire sold the company in late 2014, and Plaintiff was not terminated until September 28, 2015.[80] Since resolution of this issue would require the Court to make a credibility determination as to whether it was reasonable for Plaintiff to believe that she was in a partnership with Mire and the Court cannot resolve credibility issues on a Rule 12(b)(6) motion to dismiss, the Court concluded that the equitable tolling issue could not be resolved on a motion to dismiss and must instead be addressed at a later stage of this litigation.[81]

Gulfstream now argues that Plaintiff has not stated a claim for intentional concealment by Mire, and that making such a finding would not require this Court to engage in a credibility determination.[82] Gulfstream contends that Plaintiff knew she was employed by Gulfstream, separate from any belief that she was in a partnership with Mire, and knew any facts necessary to support a discrimination claim against Gulfstream prior to bringing suit against Mire in state court.[83] The Court addressed these same arguments in the February 17, 2021 Order. Gulfstream

---

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] *Id.*

[82] Rec. Doc. 53-1 at 8.

[83] *Id.* at 8–11.

presents no manifest error of law or fact, newly discovered evidence, risk of manifest injustice, or intervening change in controlling law that would warrant reconsideration of the Court's February 17, 2021 Order. Instead, Gulfstream, disagrees with this Court's Order and seeks to relitigate the motion to dismiss by putting forth the same arguments this Court has already considered and rejected. This is not a proper use of a motion for reconsideration. Therefore, the Court declines to reconsider its February 17, 2021 Order.

Gulfstream also has not shown that an interlocutory appeal is warranted. Section 1292(b) authorizes a district court to certify an order for interlocutory appeal if the order: (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Gulfstream argues that there is substantial ground for difference of opinion given that this Court's Order "is contrary to all decisions that have addressed the issue."[84] This is a misstatement of the law and a complete mischaracterization of the Court's order denying the motion to dismiss. The Court did not base its holding that Plaintiff *may* be entitled to equitable tolling on alleged error by Plaintiff's former attorney, as Gulfstream incorrectly suggests. In the order denying the motion to dismiss, the Court cited numerous Fifth Circuit cases holding that equitable tolling applies where the employer took actions that might have induced the employee not to file a charge of discrimination.[85] Accepting the facts alleged in the Amended Complaint as true, the Court found that Plaintiff had alleged facts to show that Mire and Gulfstream took actions that *might* have induced Plaintiff not to file a charge of discrimination.

---

[84] *Id.* at 20.

[85] *See* Rec. Doc. 45 at 14–17 (citing *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874 (5th Cir. 2003); *Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002); *Tyler v. Union Oil Co. of California*, 304 F.3d 379 (5th Cir. 2002); *Rhodes v. Guiberson Oil Tools Division*, 927 F.2d 876, 880–81 (5th Cir. 1991); *Clark v. Resistoflex Co.*, 854 F.2d 762, 769 (5th Cir. 1988); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981)).

The law at issue in the motion to dismiss is not disputed. Instead, the motion to dismiss involved a dispute of fact. The issue of whether a plaintiff is entitled to tolling or estoppel is an "equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance."[86] In the February 17, 2021 Order, this Court applied binding Fifth Circuit precedent to hold that there were fact issues in dispute regarding the applicability of equitable tolling and estoppel to Plaintiff's claims. For these reasons, the Court finds that Gulfstream fails to meet its burden of showing that the February 17, 2021 Order involves a controlling issue of law as to which there is substantial ground for difference of opinion. Therefore, immediate appeal of the Court's Order is not warranted under 28 U.S.C. § 1292(b).

## V. Conclusion

For the reasons discussed above, Gulfstream has not shown that reconsideration of the February 17, 2021 Order is warranted. Additionally, Gulfstream fails to meet its burden of showing that the February 17, 2021 Order involves a controlling issue of law as to which there is substantial ground for difference of opinion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gulfstream Services, Inc.'s "Motion for Reconsideration Under Fed. R. Civ. P. 54(B) or Alternatively, Motion for Certification Under 28 U.S.C. § 1292(b), and for Stay Pending Interlocutory Appeal"[87] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___29th___ day of September, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[86] *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (internal citations and quotation marks omitted).

[87] Rec. Doc. 53.